(1)  FIRED JACKETED LEAD BULLET (EB-3) IN A BAG BEARING MORGUE # 96-0005
(1)  FIRED JACKETED LEAD BULLET (EB-4) IN A BAG BEARING MORGUE # 96-0006
     RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE   01-04-9(

(1)  FIRED JACKET FRAGMENT (EB-5)
     RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE   01-04-9(

(1)  FIRED JACKET FRAGMENT (EB-6)
(1)  LEAD FRAGMENT (EB-7)
     RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE   01-04-9(

(4)  TAPE LIFTS (E 1-4)
     RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE   01-16-9(

(8)  FIRED 7.62X39MM RUSSIAN CARTRIDGE CASES (ECC 1-8)
     RECEIVED BY R.D. BALDWIN FROM LATENT PRINT EXAMINER J.L. SCHRAUB   01-02-9(


RESULTS OF EXAMINATIONS COMPLETED 02-09-96 ARE AS FOLLOWS:

THE TWO FIRED LEAD BULLETS (EB 1-2) ARE CONSISTENT WITH .38 CALIBER.  THE
LAND AND GROOVE IMPRESSIONS INDICATES THAT THEY COULD HAVE BEEN FIRED IN
A .38 SPL OR .357 MAGNUM OF THE FOLLOWING MANUFACTURE:

                              .38 SPL.

AMERICAN WEAPON        ASTRA        CHARTER ARMS          F.I.E.
HY HUNTER              TAURUS

                         .357 MAGNUM

LLAMA

THE FIRED JACKETED LEAD BULLETS (EB 3 & 4) AND THE TWO JACKET FRAGMENTS (EB
5 & 6) WERE FIRED IN THE SAME FIREARM. THE LAND AND GROOVE IMPRESSIONS INDICATE
THAT THEY COULD HAVE BEEN FIRED IN A 7.63X39 MM RUSSIAN OF THE FOLLOWING
MANUFACTURE:

CHICOM              CHINESE         MADDI              RUSSIAN
VALMET

THE EIGHT FIRED 7.62X39MM RUSSIAN CARTRIDGE CASES (ECC 1-8) WERE FIRED IN THE
SAME FIREARM.  THE MARKINGS INDICATE THAT THEY COULD HAVE BEEN FIRED IN A
7.62X39MM RUSSIAN OF THE FOLLOWING MANUFACTURE:

CHINESE

THE FOUR TAPE LIFTS WERE NOT EXAMINED AT THIS TIME.


CONDITION OF THE EVIDENCE:

EB 1-2  POOR
EB 3-4  GOOD
EB 5-7  MUTILATED
ECC 1-8  GOOD

0218

Incident no. 000119296 J       OFFENSE REPORT                    PAGE 1.012

THE ABOVE DESCRIBED EVIDENCE WILL BE RETAINED IN THE FIREARMS LABORATORY PENDII
FURTHER INVESTIGATION AND/OR DISPOSITON.


ROBERT D. BALDWIN
FIREARMS EXAMINER


```
     SYSTEM ADVISORY: REPORT ENTERED USING PERSONAL COMPUTER  VER-2.09
     * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
     *   ENTRY DEVICE: ZENITH SLIMSPORT 109149                             *
     *   ENTRY FROM DATE-021396 TIME-1329  TO  DATE-021396 TIME-1332       *
     *   TRANSFER DEVICE: COMPAQ PROLINEA FIREARMS LAG/LAH   VER. 2.09-1*
     *   TRANSFER DATE-021396 TIME-1340   LOAD DATE-021396 TIME-1341       *
     *   LOCATION OF OFFENSE: POLICE DISTRICT-DISTRICT 21      DIST-21     *
     * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```


Supplement entered by =  93071
Report reviewed by-EG                     Employee number-025810
Date cleared- 01/22/96


-------------------------------------------------------------------------------

No-0038

Offense- CAPITAL MURDER  (MULTIPLE HOMICIDES)
                         Street location information
Number-    15431 Name-CAMPDEN HILL           Type-        Suffix-
Apt no-    Name-GLENRIDGE                Type-LN       Suffix-
Date of offense-01/01/96              Date of supplement-02/14/96
Compl(s) Last-RODRIQUEZ       First-DAVID    Middle-
                    Recovered stolen vehicles information
 Recovery location-                           District-   Beat-   00
 Stored-                        by-
Officer1-ROBERT D. BALDWIN      Emp#-093071 Shift-1 Div/Station-ID/FIREARMS

                    SUPPLEMENT NARRATIVE

CROSS COMPARISON OF 873-95, 9-96 AND 33-96

THE FOLLOWING ITEMS WERE RECEIVED IN THE FIREARMS LABORATORY, POLICE
IDENTIFICATION DIVISION UNDER INCIDENT 144588296 N:

(1) FIRED BULLET JACKET (EB-1)                        0219
(6) BULLET JACKET FRAGMENTS (EB-2)

Incident no. 000119296    OFFENSE REPORT    PAGE 1.013

        RECEIVED BY C.S. SUMRALL, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE  12-21-

(9) FIRED 7.62X39MM RUSSIAN CARTRIDGE CASES (ECC 1-9)
    RECEIVED BY C.S. SUMRALL, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE  12-18-

THE FOLLOWING ITEMS WERE RECEIVED IN THE FIREARMS LABORATORY, POLICE
IDENTIFICATION DIVISION UNDER INCIDENT # 119296 O:

(1) FIRED JACKETED LEAD BULLET (EB-3) IN A BAG BEARING MORGUE # 96-0005
(1) FIRED JACKETED LEAD BULLET (EB-4) IN A BAG BEARING MORGUE # 96-0006
    RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE    01-04-

(1) FIRED JACKET FRAGMENT (EB-5)
    RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE    01-04-

(1) FIRED JACKET FRAGMENT (EB-6)
(1) LEAD FRAGMENT (EB-7)
    RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE    01-04-

(8) FIRED 7.62X39MM RUSSIAN CARTRIDGE CASES (ECC 1-8)
    RECEIVED BY R.D. BALDWIN FROM LATENT PRINT EXAMINER J.L. SCHRAUB    01-02-

THE FOLLOWING ITEMS WERE RECEIVED IN THE FIREARMS LABORATORY, POLICE
IDENTIFICATION DIVISION UNDER INCIDENT # 141119295 H:

(1) FIRED JACKETED LEAD BULLET (EB-1)
(10) FIRED 7.62X39MM RUSSIAN CARTRIDGE CASES (ECC 1-10)
    RECEIVED BY C.E. ANDERSON, LOCKED EVIDENCE BOX, S.E. COMMAND        01-17-

RESULTS OF EXAMINATIONS COMPLETED 02-08-96 ARE AS FOLLOWS:

THE FIRED JACKETED LEAD BULLET (EB-1 IN FIREARMS CASE # 873-95, INCIDENT #
144588295 N) WAS FIRED IN THE SAME FIREARM AS THE JACKETED LEAD BULLET (EB-3 IN
FIREARMS CASE #9-96; INCIDENT # 119296 O).

THE FIRED JACKETED LEAD BULLET (EB-3 IN FIREARMS CASE # 9-96 INCIDENT #119296 O
WAS FIRED IN THE SAME FIREARM AS THE FIRED JACKETED LEAD BULLET (EB-1 IN
FIREARMS CASE #33-96; INCIDENT # 141119295 H).

THE FIRED 7.62X39MM RUSSIAN CARTRIDGE CASE (ECC-7 IN FIREARMS CASE # 9-96
INCIDENT #119296 O) AND THE FIRED 7.62X39MM RUSSIAN CARTRIDGE CASE (ECC-9 IN
FIREARMS CASE #873-95 INCIDENT #144588295 N) WERE FIRED IN THE SAME FIREARM.

THE FIRED 7.62X39MM RUSSIAN CARTRIDGE CASE (ECC-1 IN FIREARMS CASE #9-96;
INCIDENT 119296 O) AND THE FIRED 7.62X39MM RUSSIAN CARTRIDGE CASE (ECC-1
IN FIREARMS CASE #33-96 INCIDENT # 141119295 N) WERE FIRED IN THE SAME
FIREARM.

PLEASE REFER TO SUPPLEMENTS UNDER EACH OF THE INCIDENT NUMBER FOR ADDITIONAL
FIREARMS RELATED INFORMATION:

| FIREARMS CASE # | INCIDENT # | SUPPLEMENT # |
|---|---|---|
| 873-96 | 144588295 N | 11 |
| 09-96 | 119296 O | 36 |
| 33-96 | 141119295 H | 4 |

0200

```
Incident no: 000119296          OFFENSE REPORT                    PAGE 1.014
```

THE ABOVE DESCRIBED EVIDENCE WILL BE RETAINED IN THE FIREARMS LABORATORY PENDING
FURTHER INVESTIGATION AND/OR DISPOSITION.


ROBERT D. BALDWIN
FIREARMS EXAMINER



```
     SYSTEM ADVISORY: REPORT ENTERED USING PERSONAL COMPUTER  VER-2.09
     ***********************************************************************
     *   ENTRY DEVICE: ZENITH SLIMSPORT 109149                           *
     *   ENTRY FROM DATE-021496 TIME-1003  TO   DATE-021496 TIME-1022    *
     *   TRANSFER DEVICE: COMPAQ PROLINEA FIREARMS LAG/LAH   VER. 2.09-1 *
     *   TRANSFER DATE-021496 TIME-1158    LOAD DATE-021496 TIME-1159    *
     *   LOCATION OF OFFENSE: POLICE DISTRICT-DISTRICT 21       DIST-21  *
     ***********************************************************************
```


Supplement entered by =  93071
Report reviewed by-EG                 Employee number-025810
Date cleared- 01/22/96

---------------------------------------------------------------------------

0221

END OF PAGE TWO

Incident no. 000119296 O           OFFENSE REPORT                    PAGE 1.008

```
*****************************************************************

       SYSTEM ADVISORY: REPORT ENTERED USING PERSONAL COMPUTER  VER-2.09
       *********************************************************
       *   ENTRY DEVICE: AST 386/20 105010 X07                      *
       *   ENTRY FROM DATE-050996 TIME-0853  TO  DATE-050996 TIME-0856  *
       *   TRANSFER DEVICE: AST 386/20 105010 X07              VER 2.09-1 *
       *   TRANSFER DATE-050996 TIME-0857   LOAD DATE-050996 TIME-0900   *
       *   LOCATION OF OFFENSE: POLICE DISTRICT-CONFIDENTIAL       DIST-CO  *
       *********************************************************
```

Supplement entered by =  54242
Report reviewed by-EG
Date cleared- 01/22/96                  Employee number-025810

0222

END OF PAGE TWO

ORIG[ ]L INFORMATION REPORT NON-[ ]LIC

HOUSTON POLICE DEPARTMENT                    PAGE 1.001
OFFENSE REPORT          Incident no. 000119295 0

SUPPLEMENT(S)

No-0038

Offense- CAPITAL MURDER   (MULTIPLE HOMICIDES)
                    Street location information
Number-    15431 Name-CAMPDEN HILL        Type-        Suffix-
Apt no-       Name-GLENRIDGE          Type-LN    Suffix-
Date of offense-01/01/96           Date of supplement-03/08/96
Compl(s) Last-RODRIGUEZ       First-DAVID      Middle-
          Last-
              Recovered stolen vehicles information
 Stored-                    by-                 Ph#- (000) 000-0000
Officer1-G.J.NOVAK         Emp#-039034 Shift-1 Div/Station-HOMICIDE
Officer2-H.F.CHISHOLM      Emp#-054242 Shift-1

              SUPPLEMENT NARRATIVE

PROGRESS REPORT-FRIDAY
MARCH 8, 1996

SERGEANT NOVAK WHILE AT HIS HOME ON THURSDAY, MARCH 7, 1996 AT APPROXIMATELY
1800 HOURS. RECEIVED A PHONE CALL FROM D.A. INVESTIGATOR,JOHNNY BONDS.  INV.
BONDS ADVISED THAT HE HAD RECEIVED INFORMATION FROM A CONFIDENTIAL INFORMANT,
WHO ADVISED HIM OF THE POSSIBLE WHEREABOUTS OF THE WEAPON USED IN THIS OFFENSE.
INV. BONDS FURTHER STATED THAT THE WEAPON IS BELIEVED TO BE BURIED ON THE
PROPERTY OF THE LISTED WITNESS SCHARLENE POORAN. THE INFORMANT STATED THAT THE
GUNS WERE BURIED BENEATH OR VERY NEAR THE FENCE LINE OF THE PROPERTY.  THE
RESIDENCE OF SCHARLENE POORAN IS LOCATED AT 5847 LOMA LINDA.  INV. BONDS STATED
THAT HE IS CURRENTLY DRAWING UP A SEARCH WARRANT FOR THE ADDRESS AND WILL HAVE
IT SIGNED IN THE MORNING.

INV. BONDS STATED THAT HE WILL FIRST ATTEMPT TO SPEAK WITH THE FATHER OF
SCHARLENE POORAN AND SEE IF HE WILL CONSENT TO A SEARCH OF THE PROPERTY
WITHOUT THE USE OF THE SEARCH WARRANT. INV. BONDS STATED THAT HE HAD BEEN TO
THE RESIDENCE IN AN ATTEMPT TO SPEAK WITH SCHARLENE POORAN ABOUT HER UPCOMING
APPEARANCE BEFORE THE GRAND JURY AND AT THE TIME SCHARLENE WAS NOT HOME. HE
STATED THAT THE FATHER OF SCHARLENE WAS NOT AT HOME AT THE TIME EITHER AND THAT
HE HAD SPOKEN WITH THE GRANDMOTHER AND A SISTER AND THAT BOTH WERE VERY
CO-OPERATIVE.

ON FRIDAY MORNING SERGEANT RECEIVED A CALL FROM INV. BONDS WHO ADVISED THAT HE
HAD GOTTEN THE SEARCH WARRANT SIGNED AND WOULD MEET WITH SERGEANTS AT THE LUKES
HAMBURGER STAND LOCATED AT HIRAM CLARK AND WEST OREM.  SERGEANTS NOVAK, SHIRLEY
AND KENNEDY ALONG WITH OFFICER CHISHOLM DROVE TO THE LOCATION AND THERE MET WITH
INV. BONDS.

INV. BONDS STATED THAT HE WOULD LIKE TO GO AND MEET WITH THE FATHER OF POORAN
BEFORE RUNNING THE LOCATION AND SERVING THE SEARCH WARRANT. HE STATED THAT THE
BUSINESS ADDRESS OF THE FATHER WAS SOLO'S PAINT AND BODY, 13107 SOUTH POST OAK.
INV. BONDS ALONG WITH SERGEANTS KENNEDY AND SHIRLEY DROVE TO THE LOCATION AND
SERGEANT NOVAK AND OFFICER CHISHOLM DROVE TO THE LOMA LINDA LOCATION AND BEGAN

0223

ORIGINAL INFORMATION REPORT N° -PUBLIC

HOUSTON POLICE DEPARTMENT                     PAGE 1.001
            OFFENSE REPORT           Incident no. 000119296 0

SUPPLEMENT(S)

No-0039

Offense- CAPITAL MURDER  (MULTIPLE HOMICIDES)
                    Street location information
Number-   15431 Name-CAMPDEN HILL      Type-        Suffix-
Apt no-      Name-GLENRIDGE            Type-LN    Suffix-
Date of offense-01/01/96           Date of supplement-03/08/96
Compl(s) Last-RODRIQUEZ     First-DAVID     Middle-
          Last-
                  Recovered stolen vehicles information
Stored-                        by-              Ph#- (000) 000-0000
Officer1-G.J.NOVAK          Emp#-039034 Shift-1 Div/Station-HOMICIDE
Officer2-H.F.CHISHOLM       Emp#-054242 Shift-1

                  SUPPLEMENT NARRATIVE

PROGRESS REPORT-FRIDAY
MARCH 8, 1996

SERGEANT NOVAK WHILE AT HIS HOME ON THURSDAY, MARCH 7, 1996 AT APPROXIMATELY
1800 HOURS, RECEIVED A PHONE CALL FROM D.A. INVESTIGATOR,JOHNNY BONDS.  INV.
BONDS ADVISED THAT HE HAD RECEIVED INFORMATION FROM A CONFIDENTIAL INFORMANT,
WHO ADVISED HIM OF THE POSSIBLE WHEREABOUTS OF THE WEAPON USED IN THIS OFFENSE.
INV. BONDS FURTHER STATED THAT THE WEAPON IS BELIEVED TO BE BURIED ON THE
PROPERTY OF THE LISTED WITNESS SCHARLENE POORAN. THE INFORMANT STATED THAT THE
GUNS WERE BURIED BENEATH OR VERY NEAR THE FENCE LINE OF THE PROPERTY.  THE
RESIDENCE OF SCHARLENE POORAN IS LOCATED AT 5847 LOMA LINDA.  INV. BONDS STATED
THAT HE IS CURRENTLY DRAWING UP A SEARCH WARRANT FOR THE ADDRESS AND WILL HAVE
IT SIGNED IN THE MORNING.

INV. BONDS STATED THAT HE WILL FIRST ATTEMPT TO SPEAK WITH THE FATHER OF
SCHARLENE POORAN AND SEE IF HE WILL CONSENT TO A SEARCH OF THE PROPERTY
WITHOUT THE USE OF THE SEARCH WARRANT. INV. BONDS STATED THAT HE HAD BEEN TO
THE RESIDENCE IN AN ATTEMPT TO SPEAK WITH SCHARLENE POORAN ABOUT HER UPCOMING
APPEARANCE BEFORE THE GRAND JURY AND AT THE TIME SCHARLENE WAS NOT HOME. HE
STATED THAT THE FATHER OF SCHARLENE WAS NOT AT HOME AT THE TIME EITHER AND THAT
HE HAD SPOKEN WITH THE GRANDMOTHER AND A SISTER AND THAT BOTH WERE VERY
CO-OPERATIVE.

ON FRIDAY MORNING SERGEANT RECEIVED A CALL FROM INV. BONDS WHO ADVISED THAT HE
HAD GOTTEN THE SEARCH WARRANT SIGNED AND WOULD MEET WITH SERGEANTS AT THE LUKES
HAMBURGER STAND LOCATED AT HIRAM CLARK AND WEST OREM.  SERGEANTS NOVAK, SHIRLEY
AND KENNEDY ALONG WITH OFFICER CHISHOLM DROVE TO THE LOCATION AND THERE MET WIT
INV. BONDS.

INV. BONDS STATED THAT HE WOULD LIKE TO GO AND MEET WITH THE FATHER OF POORAN
BEFORE RUNNING THE LOCATION AND SERVING THE SEARCH WARRANT. HE STATED THAT THE
BUSINESS ADDRESS OF THE FATHER WAS SOLO'S PAINT AND BODY, 13107 SOUTH POST OAK.
INV. BONDS ALONG WITH SERGEANTS KENNEDY AND SHIRLEY DROVE TO THE LOCATION AND
SERGEANT NOVAK AND OFFICER CHISHOLM DROVE TO THE LOMA LINDA LOCATION AND BEGAN

                                        0224

Incident no. 000119296 0        OFFENSE REPORT                    PAGE 1.002

SURVEILLANCE OF THE RESIDENCE.

INV. BONDS ALONG WITH SOLO POORAN AND SERGEANTS KENNEDY AND SHIRLEY THEN ARRIVED
AT THE RESIDENCE. INV. BONDS ADVISED THAT THE FATHER HAD SIGNED A CONSENT TO
SEARCH FORM ALLOWING ACCESS TO HIS PROPERTY FOR THE PURPOSE OF THE SEARCH. THE
CONSENT FORM WAS SIGNED AT 10:35 HOURS IN THE PRESENCE OF SERGEANT KENNEDY AND
SHIRLEY. (SEE ATTACHED CONSENT FORM).
INVESTIGATORS THEN WALKED THE FENCE LINE OF THE PROPERTY LOOKING FOR ANY SIGN
OF A RECENT EXCAVATION AND NONE WAS FOUND.

SOLO POORAN ENTERED A WOODED AREA THAT IS JUST WEST OF THE RESIDENCE AND FOUND
WHAT APPEARED TO BE A RECENT DIGGING. INV. BONDS USING A METAL DETECTOR SCANNED
THE AREA AND IT SHOWED A SIGN OF SOMETHING BEING BURIED IN THE LOCATION.

SERGEANT SHIRLEY, USING A SHOVEL THEN UNEARTHED A PARCEL THAT WAS WRAPPED IN
PLASTIC AND WAS SECURED WITH BLACK ELECTRICIANS TAPE.  TAPED TO THE OUTSIDE OF
THE PARCEL WERE TWO CLIPS ALSO WRAPPED IN PLASTIC.  THE RECOVERY WAS MADE AT
1100 HOURS.  THE AREA AND PARCEL WAS THEN PHOTOGRAPHED BY INV. BONDS.  THE
AREA WHERE THE PARCEL WAS LOCATED WAS 60 FEET WEST OF THE WEST FENCE LINE
SURROUNDING THE RESIDENCE LOCATED AT 5847 LOMA LINDA. THE PARCEL WAS BURIED
APPROXIMATELY 6 TO 8 INCHES BELOW THE SURFACE. THE PARCEL WAS LAYING IN THE
GROUND IN A NORTH TO SOUTH DIRECTION.  THE PARCEL APPEARED TO CONTAIN TWO (2)
RIFLES.

THE PARCEL WAS LEFT INTACT AND RECOVERED BY SERGEANT NOVAK.  SERGEANT NOVAK TOOK
CUSTODY OF THE PARCEL AND LOCKED IT IN THE TRUNK OF HIS POLICE VEHICLE. THERE,
THE PARCEL REMAINED UNTIL TAGGED IN THE LATENT PRINT LAB BY SERGEANT NOVAK.  FOR
DETAILS SEE SUBMISSISION FORM.

SERGEANT NOVAK CARRTED THE PARCEL TO THE LATENT PRINT LAB AND MET WITH LATENT
PRINT EXAMINER, J.L. SCHRAUB.  SERGEANT ASKED THAT THE PARCEL BE PHOTOGRAPHED
AS IT IS BEING PROCESSED. ALSO,AFTER COMPLETING THE PRINT EXAM,THE WEAPONS ARE
TO BE SENT TO THE FIREARMS LAB FOR TESTING AND THEN COMPARED WITH EVIDENCE
PREVIOUSLY TAGGED IN THIS CASE.

INVESTIGATION TO CONTINUE........

Supplement entered by =   39034
Date cleared- 01/22/96

0225

END OF PAGE TWO

Incident no. 000119296          OFFENSE REPORT                    PAGE 1.002

SURVEILANCE OF THE RESIDENCE.

INV. BONDS ALONG WITH SOLO POORAN AND SERGEANTS KENNEDY AND SHIRLEY THEN ARRIVED
AT THE RESIDENCE. INV. BONDS ADVISED THAT THE FATHER HAD SIGNED A CONSENT TO
SEARCH FORM ALLOWING ACCESS TO HIS PROPERTY FOR THE PURPOSE OF THE SEARCH. THE
CONSENT FORM WAS SIGNED AT 10:35 HOURS IN THE PRESENCE OF SERGEANT KENNEDY AND
SHIRLEY. (SEE ATTACHED CONSENT FORM).
INVESTIGATORS THEN WALKED THE FENCE LINE OF THE PROPERTY LOOKING FOR ANY SIGN
OF A RECENT EXCAVATION AND NONE WAS FOUND.

SOLO POORAN ENTERED A WOODED AREA THAT IS JUST WEST OF THE RESIDENCE AND FOUND
WHAT APPEARED TO BE A RECENT DIGGING.  INV. BONDS USING A METAL DETECTOR SCANNED
THE AREA AND IT SHOWED A SIGN OF SOMETHING BEING BURIED IN THE LOCATION.

SERGEANT SHIRLEY, USING A SHOVEL THEN UNEARTHED A PARCEL THAT WAS WRAPPED IN
PLASTIC AND WAS SECURED WITH BLACK ELECTRICIANS TAPE.  TAPED TO THE OUTSIDE OF
THE PARCEL WERE TWO CLIPS ALSO WRAPPED IN PLASTIC.  THE RECOVERY WAS MADE AT
1100 HOURS.  THE AREA AND PARCEL WAS THEN PHOTOGRAPHED BY INV. BONDS.  THE
AREA WHERE THE PARCEL WAS LOCATED WAS 60 FEET WEST OF THE WEST FENCE LINE
SURROUNDING THE RESIDENCE LOCATED AT 6847 LOMA LINDA. THE PARCEL WAS BURIED
APPROXIMATELY 6 TO 8 INCHES BELOW THE SURFACE. THE PARCEL WAS LAYING IN THE
GROUND IN A NORTH TO SOUTH DIRECTION.  THE PARCEL APPEARED TO CONTAIN TWO (2)
RIFLES.

THE PARCEL WAS LEFT INTACT AND RECOVERED BY SERGEANT NOVAK.  SERGEANT NOVAK TOOK
CUSTODY OF THE PARCEL AND LOCKED IT IN THE TRUNK OF HIS POLICE VEHICLE. THERE,
THE PARCEL REMAINED UNTIL TAGGED IN THE LATENT PRINT LAB BY SERGEANT NOVAK.  FOR
DETAILS SEE SUBMISSION FORM.

SERGEANT NOVAK CARRIED THE PARCEL TO THE LATENT PRINT LAB AND MET WITH LATENT
PRINT EXAMINER, J.L. SCHRAUB.  SERGEANT ASKED THAT THE PARCEL BE PHOTOGRAPHED
AS IT IS BEING PROCESSED. ALSO,AFTER COMPLETING THE PRINT EXAM,THE WEAPONS ARE
TO BE SENT TO THE FIREARMS LAB FOR TESTING AND THEN COMPARED WITH EVIDENCE
PREVIOUSLY TAGGED IN THIS CASE.

INVESTIGATION TO CONTINUE.......


Supplement entered by =   39034
Report reviewed by—EG                    Employee number—025810
Date cleared— 01/22/96


0226

```
nnnn i i i i i nnn i i i i i nnn i i i i nn  i i i nn i i i i nnnnnn i i i i nn  i nnn i i i nnnn i i i nnn i i i nn nnnn
Incident no. 000119296                    OFFENSE REPORT                    PAGE 1.003
nnnn i i i i i nnn i i i i i nnn i i i i nn  i i i nn i i i i nnnnnn i i i i nn  i nnn i i i nnnn i i i nnn i i i nn nnnn
```

No-0040

Offense- CAPITAL MURDER  (MULTIPLE HOMICIDES)
                      Street location information
Number-      15431 Name-CAMPDEN HILL          Type-           Suffix-
Apt no-      Name-GLENRIDGE                   Type-LN    Suffix-
Date of offense-01/01/96              Date of supplement-03/22/96
Compl(s) Last-RODRIQUEZ      First-DAVID      Middle-
            Last-
                      Recovered stolen vehicles information
  Stored-                            by-              Ph#- (000) 000-0000
Officer1-J.L. SCHRAUB          Emp#-058696 Shift-1 Div/Station-LATENT LAB.

                      SUPPLEMENT NARRATIVE

L/L# 97-96
LISTED BELOW ARE ITEMS SUBMITTED TO THE LATENT LABORATORY ON 03-08-96, BY
SERGEANT    G.J. NOVAK                , TO BE EXAMINED FOR LATENT PRINTS AS
EVIDENCE IN CONNECTION WITH THIS OFFENSE:
    ONE (1) 7.62 X 39 NORINCO (MADE IN CHINA) RIFLE (WOOD STOCK)
         MODEL # SPORTER    SERIAL #14220284
    ONE (1) 7.62 X 39 NORINCO (MADE IN CHINA) RIFLE (WOOD STOCK)
         MODEL AND SERIAL NUMBER OBLITERATED
    ONE (1) METAL EXTENDED AMMUNITION MAGAZINE
    ONE (1) PLASTIC EXTENDED AMMUNITION MAGAZINE
    TWO (2) CARTRIDGES  351 94  (FMJ)
    ONE (1) WHITE PLASTIC BAG  (WITH BLACK ELECTRICAL TAPE)
    TWO (2) BLACK PLASTIC BAGS (WITH BLACK ELECTRICAL TAPE)
EXAMINATION OF THIS EVIDENCE REVEALED              LATENT PRINT(S) CON-
TAINING SUFFICIENT CHARACTERISTICS TO EFFECT AN IDENTIFICATION.

DISPOSITION OF EVIDENCE: AFTER PROCESSING FIREARMS EVIDENCE WITH NEGATIVE
LATENT PRINT RESULTS, RIFLES, MAGAZINES, AND CARTRIDGES WERE SUBMITTED TO
THE POLICE FIREARMS LABORATORY.
PLASTIC BAGS AND TAPE WILL REMAIN IN THE LATENT PRINT LABORATORY FOR FURTHER
PROCESSING.


J.L. SCHRAUB 058696
LATENT PRINT EXAMINER
IDENTIFICATION DIVISION


Supplement entered by =  58696
Report reviewed by-EG            Employee number-025810
Date cleared- 01/22/96
```

0227

Incident no. 000119296            OFFENSE REPORT                    PAGE 1.004

No-0041

Offense- CAPITAL MURDER  (MULTIPLE HOMICIDES)
                     Street location information
Number-    15431 Name-CAMPDEN HILL          Type-       Suffix-
Apt no-    Name-GLENRIDGE                Type-LN   Suffix-
Date of offense-01/01/96          Date of supplement-04/05/96
Compl(s) Last-RODRIQUEZ      First-DAVID      Middle-
                  Recovered stolen vehicles information
 Recovery location-                        District-   Beat-   00
 Stored-                      by-
Officer1-ROBERT D. BALDWIN     Emp#-093071 Shift-1 Div/Station-ID/FIREARMS
Officer2-C.E. ANDERSON         Emp#-020483 Shift-1

                     SUPPLEMENT NARRATIVE

FIREARMS CASE # 9-96

THE FOLLOWING ITEMS WERE RECEIVED IN THE FIREARMS LABORATORY, POLICE
IDENTIFICATION DIVISION:

(1) 7.62X39MM RUSSIAN NORINCO SKS MODEL RIFLE (W-1) WITH AN OBLITERATED SERIAL
NUMBER
(1) 7.62X39MM RUSSIAN NORINCO SKS MODEL RIFLE (W-2) SERIAL # 14220284
(2) UNFIRED 7.62X39MM RUSSIAN CARTRIDGES (E-5)
    RECEIVED BY M.L. LYONS FROM J.L. SCHRAUB PR # 58696              03-14-96

(2) FIRED LEAD BULLETS (EB 1-2)
    RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE   01-02-96

(1) FIRED JACKETED LEAD BULLET (EB-3) IN A BAG BEARING MORGUE # 96-0005
(1) FIRED JACKETED LEAD BULLET (EB-4) IN A BAG BEARING MORGUE # 96-0006
    RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE   01-04-96

(1) FIRED JACKET FRAGMENT (EB-5)
    RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE   01-04-96

(1) FIRED JACKET FRAGMENT (EB-6)
(1) LEAD FRAGMENT (EB-7)
    RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE   01-04-96

(8) FIRED 7.62X39MM RUSSIAN CARTRIDGE CASES (ECC 1-8)
    RECEIVED BY R.D. BALDWIN FROM J.L. SCHRAUB PR # 58696             01-02-96

(4) TAPE LIFTS (E 1-4)
    RECEIVED BY M.L. LYONS, LOCKED EVIDENCE BOX, HOMICIDE CSU OFFICE   01-16-96

RESULTS OF EXAMINATIONS COMPLETED 03-29-96 ARE AS FOLLOWS:

THE TWO FIRED LEAD BULLETS (EB 1-2) WERE NOT FIRED FROM EITHER OF THE TWO
ABOVE DESCRIBED 7.62X39MM RUSSIAN RIFLES (W- 1&2). (SEE PRIOR SUPPLEMENT

0229

Incident no. 000119296          OFFENSE REPORT                    PAGE 1.005

FOR A LISTING OF FIREARMS MANUFACTURER'S THAT PRODUCE FIREARMS THAT COULD
HAVE FIRED EB 1&2).

THE EIGHT FIRED 7.62X39MM RUSSIAN CARTRIDGE CASES (ECC 1-8), THE TWO FIRED
JACKETED LEAD BULLET (EB  3&4) AND THE FIRED JACKET FRAGMENTS (EB 5&6) WERE
FIRED IN THE ABOVE DESCRIBED 7.62X39MM RUSSIAN NORINCO MODEL SKS RIFLE (W-2)
SERIAL # 14220284.

APPROXIMATE TRIGGER PULL:

W-1   SINGLE ACTION : 4.0-4.75 POUNDS
W-2   SINGLE ACTION : 8.25 POUNDS

CONDITION OF THE EVIDENCE:

EB 1-2   POOR
EB 3-4   GOOD
EB 5-7   MUTILATED
ECC 1-8   GOOD


THE ABOVE DESCRIBED EVIDENCE WILL BE RETAINED IN THE FIREARMS LABORATORY PENDIN
FURTHER INVESTIGATION AND/OR DISPOSITION.



ROBERT D. BALDWIN                    C.E. ANDERSON
FIREARMS EXAMINER                    SENIOR FIREARMS EXAMINER



      SYSTEM ADVISORY: REPORT ENTERED USING PERSONAL COMPUTER  VER-2.09
      ************************************************************************
      *   ENTRY DEVICE: ZENITH SLIMSPORT 109149                           *
      *   ENTRY FROM DATE-040496 TIME-0927  TO  DATE-040496 TIME-0929     *
      *   TRANSFER DEVICE: COMPAQ PROLINEA FIREARMS LAG/LAH   VER. 2.09-1 *
      *   TRANSFER DATE-040596 TIME-0845   LOAD DATE-040596 TIME-0848     *
      *   LOCATION OF OFFENSE: POLICE DISTRICT-DOWNTOWN BEAT 1A DIST-DN   *
      ************************************************************************



Supplement entered by =   93071
Date cleared- 01/22/96

                                                              0223

                              END OF PAGE TWO

Incident no. 000119296 C          OFFENSE REPORT          PAGE 1.002

No-0043

Offense— CAPITAL MURDER  (MULTIPLE HOMICIDES).
              Street location information
Number—   15431 Name-CAMPDEN HILL              Type—        Suffix-
Apt no-      Name-GLENRIDGE              Type-LN       Suffix-
Date of offense-01/01/96              Date of supplement-05/06/96
Compl(s) Last-RODRIQUEZ      First-DAVID      Middle-
           Last-
              Recovered stolen vehicles information
 Stored—                    by-                 Ph#- (000) 000-0000
Officer1-G.J. NOVAK              Emp#-039034 Shift-1 Div/Station-HOMICIDE
Officer2-H.F. CHISHOLM              Emp#-054242 Shift-1

                     SUPPLEMENT NARRATIVE

PROGRESS REPORT—MONDAY
MAY 6, 1996

ON THIS DATE SERGEANT NOVAK ALONG WITH OFFICER H.F. CHISHOLM RAN THE FELONY
WARRANTS FOR AGGRAVATED PERJURY THAT HAD BEEN FILED AGAINST SHARLENE POORAN AND
VERONICA PONCE WHO ARE LISTED AS WITNESSES IN THIS OFFENSE. THE WARRANTS WERE
ISSUED ON MARCH 28, 1996  OUT OF THE 337TH DISTRICT COURT WITH A BOND SET AT
$10,000.00 ON EACH SUSPECT.

SERGEANT ALONG WITH OFFICERS CHISHOLM, K.W. WEINER AND DEPUTY MIKE MILLER OF
GULF COAST VIOLENT OFFENDERS TASK FORCE FIRST RAN 14233 BUFFALO SPEEDWAY. THIS
BEING THE HOME OF VERONICA PONCE'S GRANDFATHER. THE JUVENILE SUSPECT WAS
ARRESTED AT THIS LOCATION AT 1640 HOURS.  SHE WAS PLACED IN HANDCUFFS AND
TRANSPORTED TO THE JUVENILE DIVISION BY OFFICER WEINER AND DEPUTY MILLER.
OFFICERS THEN DROVE TO THE SOLO BODY SHOP LOCATED AT 13100 SOUTH POST OAK.
THIS LOCATION BEING THE PLACE OF BUSINESS OF SHARLENE POORAN'S FATHER. OFFICERS
SPOKE TO THE FATHER WHO ADVISED THAT HIS DAUGHTER SHOULD BE AT THEIR HOME
AT 5847 LOMA LINDA. OFFICERS DROVE TO THE LOCATION AND THERE ARRESTED SHARLENE
POORAN ON THE WARRANT AT 1820 HOURS.  SHE TOO WAS PLACED IN HANDCUFFS AND
TRANSPORTED TO THE SOUTHEAST COMMAND STATION WHERE A HOLD WAS PLACED ON POORAN.
SHE WAS THEN TRANSPORTED TO THE CENTRAL JAIL BY OFFICER WEINER AND DEPUTY
MILLER.

ARRESTED AND CHARGED:  VERONICA PONCE H/F 14  DOB 2-4-82
                       14223 BUFFALO SPEEDWAY
                       AGGRAVATED PERJURY  337TH DISTRICT COURT CAUSE 719013
                       $10,000.00 BOND


                       SHARLENE POORAN W/F 17  DOB 2-19-79
                       5847 LOMA LINDA
                       AGGRAVATED PERJURY— 337TH DISTRICT COURT CAUSE 719016
                       $10,000.00 BOND

                                                        0230

Incident no. 000119296.0    OFFENSE REPORT                PAGE 1.003

INVESTIGATION TO CONTINUE

Supplement entered by = 39034
Report reviewed by-EG
Date cleared- 01/22/96                    Employee number-025810

------------------------------------------------------------------------

No-0044

Offense- CAPITAL MURDER. (MULTIPLE HOMICIDES)
                              Street location information
Number- 15431 Name-CAMPDEN HILL              Type-        Suffix-
Apt no-   Name-GLENRIDGE                      Type-LN     Suffix-
Date of offense-01/01/96              Date of supplement-05/06/96
Compl(s) Last-RODRIQUEZ       First-DAVID     Middle-
         Last-
                  Recovered stolen vehicles information
  Stored-                     by-                  Ph#- (000) 000-0000
Officer1-L. CHANDLER          Emp#-102612 Shift-2 Div/Station-JD

                        SUPPLEMENT NARRATIVE

INTRODUCTION
* * * * * * * * * * * *
  ON MONDAY 05/06/96, OFFICER CHANDLER WORKING JUVENILE DIVISION WAS ASSIGNED
THIS CASE FOR FOLLOW-UP INVESTIGATION BY JUVENILE INTAKE.  THE JUV SUSP WAS
ARRESTED FOR AGG. PERJURY, HOWEVER OFFICER CHANDLER WAS UNABLE TO OBTAIN A
TRANSACTION NUMBER THROUGH THE JOT SYSTEM.  THE JUV SUSP WAS LISTED AS A
PUBLIC SERVICE WITH THE HPD SYSTEM AND ACCEPTED AT HARRIS COUNTY JUVENILE
PROBATION (HCJP) WITH THE CHARGE OF AGG. PERJURY (F2).  OFFICER NOVAK WITH
HPD HOMICIDE DIVISION WILL CONTACT THE D.A. OFFICE ON 05/07/96, AND ADVISED
THEM TO FILE CHARGES THROUGH THE JOT SYSTEM.

DETAILS OF OFFENSE
* * * * * * * * * * * * * * * * * *
  THE JUV SUSP WAS FILED ON OUT OF THE D.A. OFFICE FOR AGG. PERJURY.  SEE THE
ORIGINAL REPORT FOR FURTHER DETAILS.

INTERROGATION OF SUSPECT
* * * * * * * * * * * * * * * * * * * * * * * *
  THE JUV SUSP DID NOT MAKE ANY STATEMENTS.

OFFICE INVESTIGATION
* * * * * * * * * * * * * * * * * * * * *
  OFFICER CHANDLER BEGAN THIS INVESTIGATION BY READING THE 43RD SUPPLEMENT TO
THE CASE THAT WAS SUBMITTED BY OFFICERS NOVAK AND CHISHOLM.  OFFICER CHANDLER
CHECKED THE JUV SUSP VIA HPD CRT FOR A PRIOR CRIMINAL HISTORY AND THE JUV SUSP
HAD ASSIGNED JID#152849.  THE JUV SUSP WAS NOT SENT TO AFIS, HOWEVER SHE WAS
PHOTOGRAPHED.  OFFICER CHANDLER LINKED THE JUV SUSP AS A PUBLIC SERVICE AND
SHE WILL BE CHARGED WITH THE AGG. PERJURY CHARGE IN THE HPD SYSTEM ONCE SHE

Incident no. 000119296 C          OFFENSE REPORT                    PAGE 1.004

HAS BEEN FILED THROUGH JOT.  THE CASE WAS REFERRED TO HARRIS COUNTY JUVENILE
PROBATION (HCJP).

DISPOSITION.                                  CHARGE.
* * * * * * * * * * *                          * * * * * *
JUV SUSP#1 PONCE, VERONICA (W/F) 14YOA        PUBLIC SERVICE (SO)
          JID#152849      DOB:02/04/82        REFERRED TO HCJP

CASE CLEAR
* * * * * * * * * *
     THE CASE IS CLEAR BY ARREST AND REFERRAL TO HCJP.


Supplement entered by = 102612
Report reviewed by-EG
Date cleared- 01/22/96                  Employee number-025810

--------------------------------------------------


No-0045

Offense- CAPITAL MURDER  (MULTIPLE HOMICIDES)
                      Street location information
Number-   15431 Name-CAMPDEN HILL                    Type-        Suffix-
Apt no-      Name-GLENRIDGE              Type-LN      Suffix-
Date of offense-01/01/96              Date of supplement-05/09/96
Compl(s) Last-RODRIQUEZ      First-DAVID      Middle-
                  Recovered stolen vehicles information
Recovery location-                          District-   Beat-  00
Stored-                       by-
Officer1-H.F.CHISHOLM         Emp#-064242 Shift-1 Div/Station-HOMICIDE
Officer2-D.D.SHIRLEY,SGT      Emp#-047902 Shift-1
Caller'S name-                Phone# (713) 000-0000 Ext-0000

                      SUPPLEMENT NARRATIVE

PROGRESS REPORT:
TUESDAY - MAY 7, 1996
* * * * * * * * * * * * * * * * * * * *


     WE, OFFICER CHISHOLM AND SERGEANT SHIRLEY CONTINUED THIS INVESTIGATION
THIS DATE.  I, OFFICER CHISHOLM HAD PREVIOUSLY CONTACTED ELIZABETH GODWIN
WITH THE HARRIS COUNTY DISTRICT ATTORNEYS OFFICE AS WELL AS BOB HUSBANDS WITH
THE HARRIS COUNTY JUVENILE PROBATION.  A QUESTION HAD ARISEN DURING THE
BOOKING OF VERONICA PONCE IN THE JUVENILE DIVISION THE AFTERNOON OF MONDAY,
MAY 6, 1996.  THAT QUESTION BEING WHETHER VERONICA WOULD BE BOOKED INTO THE
JUVENILE SYSTEM OR WHETHER SHE WOULD BE CARRIED IN THE ADULT SYSTEM AND
TEMPORARILY HOUSED IN JUVENILE PROBATION UNTIL HER TRIAL DATE.  A SECOND
QUESTION WAS IN THE EVENT SHE WANTED TO WAIVE HER RIGHTS AND GIVE AN IN
CUSTODY STATEMENT, WOULD THIS STATEMENT BE TAKEN AS A JUVENILE OR ADULT.  I

FIRST SPOKE WITH BOB HUSBANDS REGARDING THE BOOKING PROCEDURE AND WAS ADVISED THAT HARRIS COUNTY JUVENILE PROBATION WAS ONLY HOUSING VERONICA UNTIL HER COURT DATE AND THAT THE CHARGES WOULD BE ENTERED INTO THE ADULT SYSTEM. VERONICA WOULD HOWEVER NEED TO BE PHOTOGRAPHED AND PRINTED IN THE JUVENILE SYSTEM AS A MATTER OF TRACKING. I THEN SPOKE TO ELIZABETH GODWIN REGARDING AN STATEMENT THAT VERONICA MAY WISH TO MAKE AND SHE ADVISED THAT IN THE EVENT SHE WISHED TO GIVE AN IN CUSTODY STATEMENT, IT SHOULD BE TAKEN AS A JUVENILE IN ORDER TO AVOID ANY LEGAL QUESTION THAT MAY COME UP. I THEN SPOKE TO SERGEANT MCANULTY AND MOORE IN THE JUVENILE DIVISION AND ADVISED THEM OF THE DEVELOPMENTS. SERGEANT MCANULTY STATED THAT THEY WOULD HAVE VERONICA BROUGHT BACK FROM JUVENILE PROBATION TO BE PHOTOGRAPHED AND FINGERPRINTED AND THAT WE COULD THEN SPEAK WITH HER REGARDING ANY STATEMENT THAT WOULD BE TAKEN. I GAVE SERGEANT MCANULTY MY PAGER NUMBER AND REQUESTED THAT HE PAGE ME WHEN VERONICA HAD BEEN RETURNED AND PROCESSED. I THEN CHECKED THE TRANSACTION NUMBER 262545 WHICH IS ENTERED INTO THE D.I.M.S. SYSTEM CONTAINING THE CHARGE INFORMATION ON VERONICA AND NOTED THAT ALL OF THE INFORMATION HAD BEEN ENTERED.

AT 1330 HOURS, I, OFFICER CHISHOLM WAS PAGED BY SERGEANT MCANULTY AND ADVISED THAT VERONICA WAS BACK IN THE JUVENILE DIVISION AND CURRENTLY IN THE IDENTIFICATION DIVISION BEING PROCESSED. MYSELF AND SERGEANT SHIRLEY PROCEEDED TO THE JUVENILE DIVISION DOWNSTAIRS AND AT THIS TIME COMPLETED THE MAGISTRATE WARNING FORMS FOR AN IN CUSTODY STATEMENT FROM A JUVENILE. AT APPROXIMATELY 1350 HOURS, VERONICA WAS RETURNED TO THE JUVENILE DIVISION AND I WAS NOTIFIED THAT HER AFIS NUMBER WAS 6730700192228. I BRIEFLY SPOKE WITH VERONICA. I ASKED VERONICA IF SHE WOULD LIKE TO GIVE A STATEMENT REGARDING HER ORIGINAL STATEMENT TAKEN ON JANUARY 11, 1996 AND THE CHANGES THAT SHE HAD MADE DURING HER TESTIMONY TO THE 248TH GRAND JURY ON MARCH 14, 1996, WHICH RESULTED IN THE AGGRAVATED PERJURY CHARGES THAT WERE FILED ON HER. VERONICA STATED THAT SHE WOULD LIKE TO GIVE A STATEMENT. I THEN BRIEFLY EXPLAINED TO HER THAT WE WOULD NEED TO TAKE HER IN FRONT OF A MAGISTRATE WHO WOULD ADMINISTER HER LEGAL WARNING AND THAT SHE COULD THEN DECIDE IF SHE WISHED TO WAIVE HER RIGHTS AND GIVE A STATEMENT. VERONICA STATED SHE UNDERSTOOD.

WE, OFFICER CHISHOLM AND SERGEANT SHIRLEY THEN WALKED VERONICA TO THE COURTS AND DETENTION BUILDING LOCATED ADJACENT TO THE SOUTHEAST COMMAND STATION AND ENTERED MUNICIPAL #14. I LOCATED MUNICIPAL COURT MAGISTRATE JOHN JONEITZ AND ASKED IF HE COULD ADMINISTER A MAGISTRATE WARNING TO A JUVENILE. MAGISTRATE JONEITZ STATED THAT HE COULD AND I, OFFICER CHISHOLM PRESENTED HIM WITH THE COMPLETED STATUTORY WARNING TO A JUVENILE FORM. AT 1400 HOURS, MAGISTRATE JONEITZ ADMINISTERED THE LEGAL WARNING TO VERONICA IN THE COURTROOM AND COMPLETED THE WARNING AT 1406 HOURS, AT WHICH TIME MAGISTRATE JONEITZ ASKED VERONICA IF SHE UNDERSTOOD HER RIGHTS. SHE STATED SHE DID. MAGISTRATE JONEITZ THEN ASKED VERONICA IF SHE HAD ANY QUESTIONS FOR HIM AND SHE STATED NO. MAGISTRATE JONEITZ THEN RETURNED THE MAGISTRATE WARNING FORM TO MYSELF AND I AND SERGEANT SHIRLEY ESCORTED VERONICA TO THE HOMICIDE OFFICE WHERE SHE WAS SEATED AT SERGEANT NOVAK'S CUBICLE. I, OFFICER CHISHOLM AT THIS TIME ASKED VERONICA IF SHE WISHED TO WAIVE HER RIGHTS AND GIVE A STATEMENT AND SHE STATED YES SHE DID. PRIOR TO THE BEGINNING OF THE STATEMENT, SERGEANT SHIRLEY ASKED VERONICA IF SHE WAS HUNGRY OR THIRSTY AND SHE STATED SHE WOULD LIKE TO HAVE A SPRITE TO DRINK. SERGEANT SHIRLEY PURCHASED A 12 OUNCE SPRITE FROM THE VENDING MACHINE LOCATED IN THE KITCHEN AREA OF SOUTHEAST COMMAND STATION AND GAVE THE SODA TO VERONICA. I, OFFICER CHISHOLM THEN PULLED UP THE JUVENILE CONFESSION FORM ON THE P.C. LOCATED AT SERGEANT NOVAK'S DESK AND WENT THROUGH THE MENU WHERE VERONICA ANSWERED THE QUESTIONS REGARDING THE STATEMENT. I NOTED THE TIME OF THE STATEMENT TO BE

Incident no. 000119296 O          OFFENSE REPORT                    PAGE 1.006

1409 HOURS. UPON COMPLETION OF THE MENU, I, OFFICER CHISHOLM THEN TYPED THE
BELOW STATEMENT AS DICTATED BY VERONICA. UPON COMPLETION OF THE STATEMENT AT
1453 HOURS, I THEN PRINTED THE STATEMENT ON THE PRINTER ATTACHED TO SERGEANT
NOVAK'S P.C. I ADVISED VERONICA THAT WE WOULD NEED TO RETURN TO THE COURTS
AND THAT A MAGISTRATE WOULD AGAIN GO OVER HER STATEMENT WITH HER. VERONICA
STATED SHE UNDERSTOOD. WE, OFFICER CHISHOLM AND SERGEANT SHIRLEY THEN
ESCORTED VERONICA TO MUNICIPAL COURT #13, ARRIVING AT APPROXIMATELY 1500
HOURS. MAGISTRATE JONEITZ WAS ADMINISTERING HIS 1500 HOUR COURT DOCKET AND
WE WERE ADVISED TO BE SEATED IN THE COURTROOM AND THAT HE WOULD BE WITH
INVESTIGATORS WHEN HE COMPLETED THE DOCKET. AT 1536 HOURS MAGISTRATE JONEITZ
COMPLETED HIS DOCKET AND WE ESCORTED VERONICA TO HIS OFFICE WHERE MAGISTRATE
JONEITZ TOOK VERONICA INTO HIS CHAMBERS ALONE AND ADMINISTERED THE MAGISTRATE
SECOND WARNING AND WENT OVER THE STATEMENT THAT SHE HAD GIVEN. AT 1553
HOURS, MAGISTRATE JONEITZ RETURNED VERONICA ALONG WITH THE COMPLETED SECOND
MAGISTRATE WARNING AND HER STATEMENT WHICH I NOTED THAT VERONICA HAD SIGNED
AT 1551 HOURS MAKING NO CHANGES, TO INVESTIGATORS. WE THEN ESCORTED VERONICA
BACK TO THE JUVENILE DIVISION WHERE SHE WAS TURNED OVER TO SERGEANT MC CLOUD
TO BE TRANSPORTED BACK TO HARRIS COUNTY JUVENILE PROBATION. WE, RETURNED TO
THE HOMICIDE OFFICE WHERE THE COMPLETED MAGISTRATE WARNINGS AND VERONICA'S
STATEMENT WILL BE PLACED IN THE CASE FILE. BELOW IS THE STATEMENT TAKEN FROM
VERONICA PONCE BY OFFICER CHISHOLM;


                        VERONICA PONCE
                     JUVENILE CONFESSION


DATE: MAY 7, 1996
TIME: 1409 HRS.

THIS IS THE STATEMENT OF VERONICA PONCE, TAKEN AT THE SOUTHEAST COMMAND
STATION BUILDING IN HOUSTON, HARRIS COUNTY, TEXAS.

ON THIS DATE, MAY 7, 1996 A.D., AT 1400 HRS., I, VERONICA PONCE, WAS TAKEN
BEFORE JOHN JONEITZ, A MAGISTRATE, AT HIS/HER OFFICE IN HOUSTON, HARRIS
COUNTY. THE MAGISTRATE INFORMED ME THAT:
     I MAY REMAIN SILENT AND NOT MAKE ANY STATEMENT AT ALL, ANY STATEMENT I
MAKE MAY BE USED IN EVIDENCE AGAINST ME;  I HAVE THE RIGHT TO HAVE AN
ATTORNEY PRESENT TO ADVISE ME EITHER PRIOR TO ANY QUESTIONING OR DURING THE
QUESTIONING;  IF I AM UNABLE TO EMPLOY AN ATTORNEY, I HAVE THE RIGHT TO HAVE
AN ATTORNEY APPOINTED TO COUNSEL WITH ME PRIOR TO OR DURING ANY INTERVIEWS
WITH PEACE OFFICERS OR ATTORNEYS REPRESENTING THE STATE;  I HAVE THE RIGHT TO
TERMINATE THE INTERVIEW AT ANY TIME;  IF I AM 15 YEARS OF AGE OR OLDER AT THE
TIME OF THE VIOLATION OF A PENAL LAW OF THE GRADE OF FELONY THE JUVENILE
COURT MAY WAIVE ITS JURISDICTION, AND I MAY BE TRIED AS AN ADULT.

ADDITIONALLY, I MAY BE SENTENCED TO COMMITMENT IN THE TEXAS YOUTH COMMISSION
WITH A TRANSFER TO THE TEXAS DEPARTMENT OF CORRECTIONS FOR A TERM NOT TO
EXCEED 40 YEARS IF I AM FOUND TO HAVE ENGAGED IN DELINQUENT CONDUCT ALLEGED
IN A PETITION APPROVED BY A GRAND JURY WHICH ALLEGES A COMMISSION OF ONE OR
MORE OF THE FOLLOWING OFFENSES, TO WIT: MURDER, CAPITAL MURDER, AGGRAVATED
KIDNAPPING, AGGRAVATED SEXUAL ASSAULT, DEADLY ASSAULT ON A LAW ENFORCEMENT
OFFICER, CORRECTIONS OFFICER, OR COURT PARTICIPANT, OR CRIMINAL ATTEMPT IF
THE OFFENSE ATTEMPTED WAS CAPITAL MURDER.

I DO NOT WANT TO CONSULT WITH A LAWYER BEFORE I MAKE THIS STATEMENT, AND I DO
NOT WANT TO REMAIN SILENT, AND I NOW FREELY AND VOLUNTARILY WAIVE MY RIGHT TO

                                                        0234

Incident no. 000119296 0    OFFENSE REPORT    PAGE. 1.007

A LAWYER AND TO REMAIN SILENT AND I NOW KNOWINGLY MAKE THE FOLLOWING
VOLUNTARY STATEMENT:

I AM CURRENTLY IN THE HOMICIDE OFFICE TO TELL OFFICER CHISHOLM THE TRUTH
AS TO WHAT HAPPENED THE NIGHT OF JANUARY 1, 1996 AND LATER BEFORE THE 248 TH
GRAND JURY ON MARCH 14, 1996. I GAVE SERGEANT NOVAK A STATEMENT IN THE EARLY
PART OF JANUARY IN THE HOMICIDE OFFICE. INDIA WAS IN THE OFFICE AND I THINK
PELON WAS DOWNSTAIRS. I DON'T REMEMBER WHO ELSE WAS HERE. I ORIGINALLY TOLD
SERGEANT NOVAK THAT I WAS IN THE CAR WHEN THE DRIVEBY SHOOTING HAPPENED ON
CAMPDEN HILL. THAT STATEMENT IS NOT TRUE. THE TRUTH IS THAT I HAD
ORIGINALLY GONE TO MY AUNT NOMIE GUERRA AND SHE LIVES AT 15503 CAMPDEN HILL
AT AROUND MIDNIGHT. I WAS AT CANDYMAN'S HOUSE. I WENT IN THE CAR WITH
JAMIE, WHO WAS DRIVING, FLACO, TINY, INDIA AND JESSICA. WE DROVE BY WHERE
THE SHOOTING LATER HAPPENED ENROUTE TO MY AUNTS HOUSE TO EAT SOME MENUDO. I
SAW A BUNCH OF PEOPLE OUTSIDE IN THE FRONT YARD WHERE THE SHOOTING HAPPENED.
I DO NOT KNOW ANY OF THE PEOPLE. NO ONE SAID ANYTHING ABOUT ANY OF THE
PEOPLE IN THE FRONT YARD. WE ATE AT MY AUNTS HOUSE AND LEFT ABOUT 15 MINUTES
AFTER WE GOT THERE. WE WENT BACK TO CANDYMAN'S HOUSE. WE AGAIN PASSED BY
THE HOUSE ON CAMPDEN HILL. EVERYBODY WAS STILL OUTSIDE IN

THE FRONT. NO ONE IN THE CAR SAID ANYTHING.

WHEN WE GOT BACK TO CANDYMAN'S HOUSE. THEY DROPPED ME, TINY AND JESSICA
OFF. FLACO WHO WAS ALSO IN THE CAR WAS TALKING TO TONY. TONY HAD A TALL
GUN. TONY, PELON, SLIM, INDIA AND FLACO GOT INTO THE CAR. JAMIE WAS DRIVING
THE CAR. I DON'T KNOW WHERE ANY OF THEM WERE SITTING. THEY LEFT CANDYMAN'S
AND I GUESS THAT'S WHEN THEY WENT TO DO THE DRIVEBY. THEY ALL CAME BACK
ABOUT 20 MINUTES LATER AND THEY WERE ALL LIKE I GOT TO GO AND WATCH OUT FOR
THE LAWS. WE ALL THEN LEFT THE PARTY AND ALEX DROVE ME TO MY AUNT CLIO'S
HOUSE ON STELLA LINK. INDIA, SLIM, REGINA AND PELON STAYED THE NIGHT WITH
ME.

A COUPLE OF DAYS LATER TONY TOLD ME THAT IF THE LAWS STOP YOU AND ASK,
DON'T TELL THEM I DID IT. TONY TOLD ME THAT HE DID THE SHOOTING. TONY
TRUSTED ME AND KNEW I WOULDN'T BETRAY HIM.

I WENT TO THE GRAND JURY AND TOLD THEM I WAS NOT IN THE CAR WHEN THIS
HAPPENED. THIS IS THE TRUTH. I ONLY TOLD THE POLICE I WAS IN THE CAR
BECAUSE EVERYBODY ELSE WAS SAYING I WAS IN THE CAR.

I ALSO TOLD THE GRAND JURY THAT TONY DIDN'T DO THE SHOOTING. THIS IS
NOT THE TRUTH. TONY DID DO THE SHOOTING, BECAUSE HE TOLD ME HE DID.

I WAS SCARED BECAUSE SCHARLENE TOLD ME THAT TONY HAD SAID THAT IF ANYONE
TALKED THAT HE WOULD GET SOMEBODY TO DO SOMETHING. I ALSO WAS TOLD THAT THE
GANG HAD A "187" WHICH MEANS THEY ARE GOING TO KILL YOU IF YOU SNITCHED.

NO HARM HAS COME TO ME OR MY FAMILY BECAUSE I MOVED AND NOBODY KNOWS
WHERE I LIVE.


TYPING FINISHED TUESDAY, MAY 7, 1996 AT 14:53 HRS.


END OF STATEMENT OF VERONICA PONCE.

0235

## Evidence Submission Form — Houston Police Department, Latent Print Laboratory

INCIDENT NUMBER __1192960__      LATENT LAB NUMBER _____

The following information is required when submitting evidence to the print lab for analysis.

OFFENSE TITLE : _Capital Murder_      OFFENSE DATE : _01 / 01 / 96_

LOCATION OF OFFENSE : _15431 Campden Hill_

COMPLAINANT : _David Rodriquez, Diane Rodriquez, Rocio Pedraza_

DESCRIPTION OF EVIDENCE SUBMITTED :

_2 Weapons (Rifles) with Magazines. Both wrapped in Plastic Sealed with Black Electricians Tape. Recovered on 3/8/96 in Wooded Field Located West of the Residence, 5847 Loma Linda. Weapons were Buried Approximately 6 to 8 inches below Surface. Recovered at 1100 hrs-_

**PERSONS TO BE CHECKED**

1. NAME _Anthony Shawn Medina_ DOB _11-5-74_ (R/S) _W/M_ ID # _____ ☐
2. NAME _Alex Joseph Perez_ DOB _7-5-77_ (R/S) _W/M_ ID # _____ ☐
3. NAME _____ DOB _____ (R/S)_____ ID # _____ ☐
4. NAME _____ DOB _____ (R/S)_____ ID # _____ ☐

SUBMITTING OFFICER'S NAME (PRINT) : _G.J. Novak_

EMP # _39034_   WK. PHONE : _731-5491_   SUBMISSION DATE : _03/08/96_

**Latent Lab Use**

RECEIVED BY : _J.L. SCHRAUB_

RECEIVED FROM : _G.J. NOVAK_

DATE RECEIVED : _3-8-96_      TIME RECEIVED : _1418_

RELEASED BY : _____

RELEASED TO : _____

DATE RELEASED : _____      TIME RELEASED : _____

**TEST PERFORMED**

1. NINHYDRIN          5. IODINE
2. SUPER GLUE         6. GENETIAN VIOLET
3. POWDER             7. AMINO BLACK
4. SILVER NITRATE     8. _____

RESULTS :

**EVIDENCE DISPOSITION**

1. RETAIN L/L          4. SUB FA
2. DESTROY             5. TAG PROPERTY ROOM
3. SUB CL              6. _____

0335

MISSOURI CITY CID          ID:713-261-4238          JAN 10'96   14:34 No.002 P.01



# MISSOURI CITY
### DEPARTMENT OF PUBLIC SAFETY



**LES GUILLOT**
**POLICE/FIRE CHIEF**

## FAX COVER SHEET

TO: *HPD Homicide*
    *Chisholm*

DATE: *1-10-96*

FROM: DET. RICHARD A. WILEY
MISSOURI CITY POLICE DEPT.
1522 TEXAS PARKWAY
MISSOURI CITY,TX 77459
PHONE#713/261-4219
FAX#713/261-4238

NO. PAGES SENT   *2*
(INCLUDING COVER SHEET)

SUBJECT: *Case # 11996-O*

0350

1522 TEXAS PARKWAY • MISSOURI CITY, TEXAS 77459 • POLICE DIV. (713) 261-4200 • FIRE DIV. (713) 261-4260

R=97%                         713 261 4238          01-10-96 02:00PM P001 #28

DATE:01-10-96

TO:ALL OFFICERS

FROM:DET. R. WILEY

REF: H.P.D. HOMICIDE SUSPECT CASE#119296-O

CONSIDER THE SUBJECT TO BE ARMED AND DANGEROUS

DOMINIC  HOLMES  B/M 03-30-79      (LA RAZA 13 DOCUMENTED GANG
MEMBER)
11811 S. LITTLE JOHN CIR.        (STREET NAME-- FLOPPO)

SUSP. VEH: DK BLUE BUICK PARK AVENUE WITH RT. REAR PASSENGERS
WINDOW BROKEN AND COVERED WITH DUCT TAPE.   THIS IS ALL THE
INFORMATION AVAILABLE AT THIS TIME ON THIS VEHICLE.


     THE ABOVE LISTED SUBJECT IS A JUVENILE AND IS A SUSPECT IN THE
DRIVE BY SHOOTING THAT TOOK PLACE IN HOUSTON ON NEW YEARS EVE
WHERE THE 15 YEAR OLD GIRL AND 9 YEAR BOY WERE KILLED. HE IS
SUSPECTED AS BEING THE SHOOTER. THE WEAPON INVOLVED WAS OF THE
7.62 X 39MM VARIETY AND BELIEVED TO BE EITHER A SKS OR MAC 90.IF
THE ABOVE VEHICLE IS SPOTTED, STOP THE VEHICLE AND HOLD ALL
OCCUPANTS FOR HPD HOMICIDE. THEY WILL PROBABLY WANT TO PROCESS
THE VEHICLE SO HANDLE IT ACCORDINGLY.

HPD HOMICIDE: SGT. NOVAK  731-5491 OR OFFICER CHISHOLM 731-5490
(PAGER#685-8499).   ALSO NOTIFY ME IF THE VEHICLE IS STOPPED OR
YOU HAVE ANY INFORMATION ON THIS SUSPECT.

DO NOT QUESTION ANY OF THE OCCUPANTS ABOUT THE SHOOTING AND BE
EXTREMELY CAREFUL NOT TO VIOLATE ANY RIGHTS OR UPSET ANY VEHICLE
SEARCH PROCEDURES. SECURE THE VEHICLE FOR YOUR SAFETY AND LET HPD
HOMICIDE HANDLE EVERYTHING ELSE.

0351

```
uuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuu
                    CURRENT INFORMATION REPORT NON-PUBLIC
uuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuu
                 HOUSTON POLICE DEPARTMENT              PAGE 1.001
                 CURRENT INFORMATION REPORT  Incident no.▩▩▩▩▩▩▩
uuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuuu
   Offense-▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩
   UCR Offense codes- 09102/00000/00000
   Premises- RESIDENCE (PRIVATE)          Weather- CLEAR

   Location: Street no-▩▩▩▩▩▩▩▩▩▩▩▩▩
        City-HOUSTON        County-HARRIS       Kmap-5/1Z Dist-16 Beat-16E20
   Neighborhood code-00056 Desc-BRIARWICK

   Begin date-▩▩▩▩▩▩▩▩me-▩▩▩▩ End date-    /  /  Time-
   Received/Employee: Name-LAPTOP       No.-000000 Date-07/10/95 Time-0738
   Gang crime related-Y                 Hate crime related-N
```

---

### COMPLAINANT(S)

```
No-01 Name: Last-RODRIGUEZ       First-EVARISTO   Middle-
      Race-W Sex-M Age-50 Hispanic-H
      Address-15431 CAMPDEN HILL;HOUSTON,TX 77053
      Phone: Home-(713) 433-5479 Business-(713) 000-0000 Ext-
      Driver license#-▩▩▩▩▩▩
      Force used against complainant- Y     DOB- 12/21/44
      Relation to susp-STRANGER OF SUSP#00
```

---

### WITNESS(S)

NONE

---

### REPORTEE(S)

NONE

---

### DETAILS OF OFFENSE

UNK SUSP DROVE BY LISTED LOC, THREW BOTTLE WITH FIRE AND SHOT AT LOCATION
MULTIPLE TIMES.

```
Officer1: Name-KJ HEKIMIAN        Employee no-099800 Shift-3        0330
Officer2: Name-CD HOWARD          Employee no-102626 Shift-3

Division/Station #-SW/4           Unit #-16E10

Call received: Date-07/09/95 Time-0149 Report made: Date-07/10/95 Time-0740
```

END OF PAGE ONE

Incident no. 077962295 D   CURRENT INFORMATION REPORT          PAGE 2.003

SUSPECT(S)

NONE

---

M.O. SUMMARY

Related cases-
                                                              000000000
Report entered by-KJ HEKIMIAN          Employee number-099800

Status: Open-X Cleared-  Inactive-  Unfounded-
Report reviewed by-RICHARD             Employee number-064566

---

NARRATIVE

INTRODUCTION
    OFFICER HEKIMIAN AND HOWARD RIDING 16E10N RECEIVED A CALL FROM HPD
DISPATCH AT 0149 HRS. IN REGARDS TO CRIMINAL MISCHIEF AT 15431 CAMPDEN HILL.
UPON ARRIVAL AT 0157 HRS. OFFICERS OBSERVED THE LOCATION TO BE A PRIVATE
RESIDENCE.

COMPLAINANTS
    COMP-#01, RODRIGUEZ,EVARISTO WM60 STATED HE OWNS THE HOUSE AND THAT HE WAS
ASLEEP WITH HIS FAMILY INSIDE.  COMPL STATED HE HEARD GUNSHOTS AND GLASS
SHATTERING.  COMPL STATED HE WALKED OUTSIDE AND OBSERVED THAT HIS HOUSE HAD
BEEN SHOT UP AND THERE WAS A FIRE IN THE FLOWER BED NEXT TO THE HOUSE.  COMPL
STATED HIS DAUGHTER VERONICA IS DATING A POSSIBLE GANG MEMBER OR AN ASSOCIATE
OF ONE.  COMPL STATED HE THINKS THE LRZ GANG IS RESPONSIBLE FOR THIS INCIDENT.
COMPL STATED THAT HIS DAUGHTER TOLD HIM THAT A GANG MEMBER FROM THE LRZ THAT
JUST GOT OUT OF JAIL WAS GOING TO KILL ONE OF HER FAMILY MEMBERS.  COMPL STATED
HIS DAUGHTER IS DATING A W/H/M BY THE NAME OF MARCO.  COMPL STATED THAT A FEW
WEEKS AGO THE LETTERS OF LRZ WAS SPRAY PAINTED ON HIS GARAGE DOORS.

WITNESSES
    NONE.

REPORTEE
    REPORTEE IS COMPLAINANT.

OFFICERS PARAGRAPH
    OFFICERS OBSERVED THE LOCATION TO BE ON THE EAST SIDE OF THE STREET WITH
THE FRONT DOOR FACING WEST.  OFFICERS OBSERVED A SMALL FIRE IN THE FLOWER BED
JUST SOUTH OF THE FRONT DOOR AGAINST THE FRONT WALL OF THE HOUSE.  OFFICERS
OBSERVED BULLET HOLES GOING INTO THE RESIDENCE.

OFFICERS ACTIONS
    OFFICERS GATHERED INFORMATION AND FURNISHED THE COMPL WITH THE CASE

0331

```
ппппппп
Incident no: 077962295 D   CURRENT INFORMATION REPORT                    PAGE 2:003
пппппппп
NUMBER.

SUSPECTS
      NO SUSPECTS, NO ARRESTS.

DISPOSITION.
      NONE.

PROPERTY/EVIDENCE
      NONE.
      SYSTEM ADVISORY: REPORT ENTERED USING PERSONAL COMPUTER  VER-2.08
      ***********************************************************
      *   ENTRY DEVICE: ZENITH 286 109781                             *
      *   ENTRY FROM DATE-070995 TIME-0215  TO  DATE-070995 TIME-0231 *
      *   TRANSFER DEVICE: AST BRAVO 386SX/20 106088 X33    VER. 2.08-2 *
      *   TRANSFER DATE-071095 TIME-0738   LOAD DATE-071095 TIME-0740 *
      *   LOCATION OF OFFENSE: POLICE DISTRICT-DISTRICT 16      DIST-16 *
      ***********************************************************
```

0382