IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY MEDINA, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | H-09-CV-3223 |
| | § | |
| WILLIAM STEPHENS, | § | THIS IS A CAPITAL CASE. |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

**Motion for Clarification of Issues to Be Exhausted**

Robert L. McGlasson
Texas Bar No. 13634050
Attorney at Law
1024 Clairemont Ave.
Decatur, Georgia 30030
TEL: 404-314-7664
FAX: 404-879-0005
Email: rlmcglasson@comcast.net

James William Marcus
Texas Bar No. 00787963
Capital Punishment Clinic
University of Texas School of Law
727 E. Dean Keeton Street
Austin, Texas 78705
TEL: 512-232-1475
FAX: 512-232-9171
Email: jmarcus@law.utexas.edu

Counsel for Petitioner Anthony Medina

Petitioner Anthony Medina respectfully requests clarification of the Court's order (Docket #103, hereinafter "Order") directing Mr. Medina to seek relief in state court. As this Court observed, Mr. Medina has conceded that one of his claims is unexhausted. Order at 2 (citing Mr. Medina's concession in Docket #100 at 2 that Claim II—Mr. Medina's police and prosecutorial misconduct claim—is unexhausted). The Court further observed that its "review of the pleadings and the record reveals that Medina has raised other issues for the first time in federal court." *Id*. The Court does not identify the issues to which it refers.

Other than Mr. Medina's misconduct claim, Respondent's primary non-exhaustion assertions are directed to Mr. Medina's first claim for relief, trial counsel's ineffective preparation for the guilt phase of the trial. *See* Second Amended Petition for Habeas Corpus Relief ("SAP"), Docket #53, at 88–158. Respondent has taken no position whether this claim—Mr. Medina's guilt-phase ineffective-assistance-of-counsel ("IAC") claim—is exhausted. Instead, Respondent subdivided the claim and invented numerous partial-IAC "claims" based on particularized aspects of the claim actually before the Court. *See* Docket #93 at 43–56. Respondent alleges that some of these "claims" were not raised in state court and are therefore unexhausted. *See* Docket #93 at 101–104 (describing which allegations in support of Mr. Medina's guilt-phase IAC claim Respondent asserts are new to the claim).

Mr. Medina's first claim, based on counsel's deficient pre-trial investigation and preparation for the guilt phase, is one claim and Mr. Medina has explained

1

why it is exhausted: it is not a fundamentally altered version of, or a "180-degree turn"[1] from, the detailed guilt-phase IAC claim he pled in state court.  Docket #93 at 100–109.  Respondent has never addressed this question, which is the only exhaustion-related question with respect to Mr. Medina's first claim.

Mr. Medina cannot exhaust, in isolation, the few factual allegations that Respondent asserts were included for the first time in the guilt-phase IAC claim before this Court.  If the Court has determined that Mr. Medina's guilt-phase IAC claim (Claim I) is so fundamentally altered as to render it unexhausted, then Mr. Medina must exhaust the entire claim in state court.

Mr. Medina is expeditiously preparing to commence state court proceedings.  However, undersigned counsel are uncertain about which claims for relief they must pursue in the state courts.  An unnecessary attempt to litigate an already-exhausted claim will both place needless demands on state court resources and incur avoidable expense.  For these reasons, Mr. Medina respectfully requests clarification of the Court's order directing the exhaustion of state court remedies.

## CONCLUSION AND PRAYER FOR RELIEF

Mr. Medina respectfully asks this Court to determine whether his first claim for relief, SAP at 88–158, is exhausted pursuant to *Ward v. Stephens*, 777 F.3d 250, 257–59 (5th Cir. 2015).

Respectfully Submitted,

/s/ Robert L. McGlasson

---

[1] *Anderson v. Johnson*, 338 F.3d 382, 389 n.26 (5th Cir. 2003).

Robert L. McGlasson
Texas Bar No. 13634050
Attorney at Law
1024 Clairemont Ave.
Decatur, Georgia 30030
TEL: 404-314-7664
FAX: 404-879-0005
Email: rlmcglasson@comcast.net

James William Marcus
Texas Bar No. 00787963
Capital Punishment Clinic
University of Texas School of Law
727 E. Dean Keeton Street
Austin, Texas 78705
TEL: 512-232-1475
FAX: 512-232-9171
Email: jmarcus@law.utexas.edu

Counsel for Petitioner Anthony Medina

## Certificate of Conference

On August 31, 2015, undersigned counsel attempted to reach counsel for Respondent by telephone and received a message that he was out of the office until September 2, 2015, and therefore assumes he is opposed to this motion.

/s/ James William Marcus

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served by CM/ECF upon counsel for Respondent:

Mr. Thomas M. Jones, Esq.

3

                        Office of the Texas Attorney General
                        300 W. 15th Street, 8th Floor
                        Austin, Texas 78701
                        Telephone: (512) 936-1400
                        Email: thomas.jones@oag.state.tx.us

This 31st day of August, 2015.

                                    /s/ Robert L. McGlasson