IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| ANTHONY MEDINA, | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 09-CV-3223 |
| | § | |
| WILLIAM STEPHENS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Anthony Medina filed a federal petition for habeas corpus relief in 2009. (Docket Entry No. 1). Medina has amended his habeas petition twice. (Docket Entry Nos. 24, 53). Medina's second amended petition for a writ of habeas corpus raises fourteen claims, several of which contain various sub-arguments. Respondent William Stephens moved for summary judgment. (Docket Entry No. 76). In his subsequent briefing, Medina conceded that he did not exhaust his second federal claim, among other issues. (Docket Entry No. 93 at 271, 282; No. 100 at 2). On that basis, this Court stayed the instant proceedings to provide Medina the opportunity to exhaust state-court remedies. (Docket Entry No. 103). In doing so, the Court did not limit what issues Medina may advance in his state court proceedings, but instead "stay[ed] the instant case to allow the state-court review of any unexhausted allegations." (Docket Entry No. 102 at 2).

Recognizing that "Respondent's primary nonexhaustion assertions are directed to Mr.

Medina's first claim for relief," Medina now asks for "clarification of the Court's order directing the exhaustion of state court remedies." (Docket Entry No. 103 at 1-2). Medina apparently fears that "[a]n unnecessary attempt to litigate an already exhausted claim will both place needless demands on state court resources and incur avoidable expense." (Docket Entry No. 103 at 2). Medina specifically asks for clarification on whether "this Court has determined that Mr. Medina's guilt-phase [ineffective-assistance-of-counsel] claim (Claim I) is so fundamentally altered as to render it unexhausted." (Docket Entry No. 103 at 2).

This Court has not adjudicated the question of whether Medina's amended petition raises claims that are unexhausted for the purposes of 28 U.S.C. § 2254(b)(1). Instead, the Court has reiterated Medina's concession that he did not exhaust one claim. The Court also observed that Medina has raised issues for the first time in federal court, but did not adjudicate their procedural viability. The specific circumstances in this case disfavor issuing what would essentially be an advisory opinion on exhaustion before Medina again avails himself of state remedies.

A "petitioner has the primary responsibility to exhaust his claims." *Kunkle v. Dretke*, 352 F.3d 980, 990 (5th Cir. 2003). A habeas petitioner is presumptively aware of which issues he has already presented to the state courts. *See id.* Medina has already informed the Court that "he has a remaining state court remedy for [his first federal] claim[.]" (Docket Entry No. 100 at 3). A federal habeas petitioner has not exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available

procedure, the question presented." 28 U.S.C. § 2254(c). By acknowledging an available state remedy for his first claim, Medina presupposes noncompliance with the exhaustion doctrine. The Court, therefore, will not issue an advisory opinion on what claims will be available for full federal review on Medina's return from state court.

Accordingly, the Court **DENIES** Medina's motion for clarification. (Docket Entry No. 104). The Court does not place any limitation on the issues Medina may present to the state courts.

SIGNED this 30th day of September, 2015.

John D. Rainey
United States District Judge